**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03028-REB-KLM

JOSHUA M. BROWN,

    Plaintiff,

v.

BERTHOUD FIRE PROTECTION DISTRICT, and
STEVEN CHARLES, an individual,

    Defendants.

## ORDER CONCERNING MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the following: (1) the **Defendants' Motion for Summary Judgment** [#32][1] filed August 30, 2013; and (2) the plaintiff's **Contested Cross-Motion for Entry of Partial Summary Judgment** [#43] filed October 17, 2013. The parties filed responses [#44 & #53], and the defendants filed a reply [#49] in support of their motion for summary judgment. I grant the defendants' motion for summary judgment and deny the plaintiff's motion for summary judgment as moot.[2]

---

[1] "[#32]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the cross-motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the briefs. Cf. FED. R. CIV. P. 56(c) and (d). **Geear v. Boulder Cmty. Hosp.**, 844 F.2d 764, 766 (10th Cir.1988) (holding that the ostensible hearing requirement for motions for summary judgment is satisfied by court's review of documents submitted by parties).

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and § 1367 (supplemental).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert.**

*denied*, 120 S.Ct. 334 (1999).

## III.  FACTS

The plaintiff, Joshua M. Brown, started working for defendant, Berthoud Fire Protection District (BFPD) in 1994.  He was promoted to career staff in 1996.  During his BFPD career, Mr. Brown sometimes performed light duty or office jobs.  Often, however, he worked as a firefighter.  At the time of the events relevant to this case, Mr. Brown was working for BFPD as a firefighter and Fire Captain.

Mr. Brown avers he injured his back while in training on December 19, 2009.  On June 22, 2010, he reported that he had suffered an aggravation of a pre-existing, job related back injury.  According to Mr. Brown, he requested accommodation in the form of light or modified duty by making requests verbally, by email, and by regular mail in June and July 2010.  Defendant, Stephen Charles, was, at all relevant times, the Fire Chief and Mr. Brown's supervisor.  According to Mr. Charles, when he and another BFPD official reported Mr. Brown's injury to the claims adjuster for BFPD's workers compensation insurance carrier, the adjuster advised Mr. Charles not to give Mr. Brown light duty.

Mr. Charles avers he then consulted with BFPD's counsel and was advised to process Mr. Brown's request.  On July 30, 2010, Mr. Charles sent Mr. Brown a letter concerning Mr. Brown's light duty request.  Among other things, the letter asked Mr. Brown to specify whether his condition was permanent or temporary, whether the anticipated length of time light duty was necessary, and whether additional work restrictions need be considered.  *Motion for summary judgment* [#32], Exhibit G.  Mr. Brown's attorney and the attorney for BFPD also consulted with each other.

Mr. Brown used his available sick leave and vacation time and then was placed

on Family and Medical Leave Act (FMLA) leave.  On September 27, 2010, counsel for the BFPD sent a letter to Mr. Brown's counsel advising that Mr. Brown's leave would expire on October 4, 2010.  *Id.*, Exhibit J.  The letter advised Mr. Brown that he could not be restored to his position as a career Fire Captain unless he reported to work with a fitness for duty certification.  *Id.*  The letter noted that termination of Mr. Brown's employment was a possible consequence of a failure to provide the fitness for duty certification.  *Id.*  Mr. Brown's leave expired on October 4, 2010.  Mr. Brown's employment was terminated as of October 5, 2010.

Ultimately, the decision to terminate Mr. Brown's employment was made by the board of directors of the BFPD.  As Fire Chief, Mr. Charles reports to the board of directors and can make recommendations to the board concerning employment decisions.  Mr. Brown filed a grievance concerning his termination; the board heard the grievance; and on October 27, 2010, the board upheld Mr. Brown's termination.

Mr. Brown initiated this lawsuit on October 26, 2012 , by filing a complaint in state court.  The case was removed to this court.  In his amended complaint [#17-1], Mr. Brown asserts four claims: (1) violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 - 12213 (ADA) (against BFPD); (2) violation of the Rehabilitation Act, 29 U.S.C. § 701 - 796l (against BFPD); (3) a claim under 42 U.S.C. § 1983 alleging deprivation of equal protection of the law (against BFPD and Stephen Charles); and (4) a state law claim for willful and wanton interference with an employment contract (against Stephen Charles). The defendants seek summary judgment on each claim.

## IV.  STATUTE OF LIMITATIONS

The parties agree that Mr. Brown's claim under the Rehabilitation Act, his § 1983

claim, and his interference with employment contract claim all are subject to a two year period of limitations. The defendants contend that Mr. Brown's initial complaint was filed more than two years after each of these claims accrued and, therefore, these claims are time barred.

The undisputed facts in the record show that Mr. Brown was aware of the termination of his employment on or about October 5, 2010.[3] At that time he was aware that his termination was tied closely to his alleged disability and to Mr. Charles's alleged unfair animus against Mr. Brown. At that time he was aware of his perception that he was the only qualified firefighter denied light duty within the ten years prior to 2010. This perception is the basis for his equal protection claim. Mr. Brown filed this lawsuit on October 26, 2012, more than two years after his termination. If Mr. Brown's claims accrued no later than the date of his termination, and there is no basis on which to suspend the operation of the statute of limitations, Mr. Brown's Rehabilitation Act, equal protection, and interference with employment contract claims are time barred.

Generally, a claim accrues when the plaintiff knows, or should know, in the exercise of reasonable diligence, all material facts essential to state a claim for relief. The undisputed facts in the record show that Mr. Brown was aware of the facts forming the bases for his claims on the date his employment was terminated.

In Mr. Brown's view, application of the continuing violation doctrine shows that his Rehabilitation Act and equal protection claims were timely filed. "In certain circumstances . . . a plaintiff can experience continuing violations or wrongs such that a claim accrues for limitations purposes at the culmination of the continuous injury."

---

[3] Mr. Brown's grievance challenging his termination was resolved on October 27, 2010. Grievance procedures do not extend the statute of limitations. *International Union of Elec., Radio, and Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 238-240 (1976).

***Burkley v. Corr. Healthcare Mgmt. Of Oklahoma, Inc.***, 141 F. App'x 714, 716 (10th Cir. 2005). "The continuing violation doctrine permits a court to look backwards to the entirety of a continuing wrong to assess its cumulative effect, so long as an injurious act falls within the statute of limitations period." ***Burkley v. Corr. Healthcare Mgmt. Of Oklahoma, Inc.***, 141 F. App'x 714, 716 (10th Cir. 2005) (*citing Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001); ***Tiberi v. Cigna Corp.***, 89 F.3d 1423, 1430-31 (10th Cir. 1996).

In this case, any arguable continuing violation culminated with Mr. Brown's termination on October 5, 2010. At that time, Mr. Brown was aware of his perception that the defendants had discriminated against him based on his disability and that the defendants had treated Mr. Brown differently than other firefighters who sought a light duty placement. Mr. Brown also was aware of his injury – the termination of his employment. Continuing violation or not, Mr. Brown's Rehabilitation Act and § 1983 claims accrued on October 5, 2010.

Mr. Brown argues also that equitable tolling suspends the operation of the applicable statutes of limitation as to his Rehabilitation Act, equal protection, and interference with employment contract claims. To establish a claim for equitable tolling, Mr. Brown must show: (1) he lacked knowledge of the facts in question; (2) he relied on the conduct of the party estopped; and (3) he acted, or failed to act, based on the conduct of the party estopped in a way that changed his position prejudicially. ***Tiberi v. Cigna Corp.***, 89 F.3d 1423, 1429 (10th Cir. 1996). In support of his equitable estoppel argument, Mr. Brown contends there is an issue of fact as to whether Mr. Charles concealed his knowledge of Mr. Brown's medical status from the board of directors. *Response* [#44], p. 9. He argues that the evidence shows that Mr. Charles and others

conspired to excuse BFPD's discriminatory and disparate treatment of Brown by claiming that an insurance adjuster told BFPD not to bring Brown back to work on light duty following his June 22, 2010, report of an aggravation of a pre-existing job related back injury. Even if true, these contentions do not show that Mr. Brown lacked knowledge of the material facts in question, that he relied on the conduct of the defendants, or that he failed to act by timely filing his complaint as a result of the conduct of the defendants. Nothing in Mr. Brown's response [#44] demonstrates that equitable tolling is applicable in this case, and none of his arguments establishes any arguable basis for tolling the two year statute of limitations as to his Rehabilitation Act, § 1983 and interference with employment contract claims.

Mr. Brown's claim under the Rehabilitation Act – his § 1983 claim – and his interference with employment contract claim are subject to a two year period of limitations. Mr. Brown's initial complaint was filed more than two years after each of these claims accrued. Viewing the undisputed facts in the record in the light most favorable to Mr. Brown, these three claims are time, barred and the defendants are entitled to summary judgment on these claims.

## V.  ADA CLAIM

To establish a prima facie case of discrimination under the ADA, Mr. Brown must show (1) he is disabled within the meaning of the ADA; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) he was discriminated against because of his disability. **McKenzie v. Dovala**, 242 F.3d 967, 969 (10th Cir. 2001). The defendants argue that they are entitled to summary judgment on Mr. Brown's ADA claim since (1) Mr. Brown is not a qualified individual under the ADA because he cannot perform the essential functions of

7

his firefighter job with or without reasonable accommodations; (2) Mr. Brown has not suggested a reasonable accommodation that would permit him to perform the essential functions of his job; and (3) no reasonable accommodations were available.

Mr. Brown does not dispute that he can no longer perform the essential functions of his previous position as a Fire Captain. *Response* [#44], p. 13. According to Mr. Brown, when he requested light duty, he suggested that he could perform the essential functions of the Assistant Fire Marshal (AFM) position. He had performed that job previously while employed by the BFPD. It is undisputed that, at the relevant times, the AFM position was filled by two part-time temporary employees and a contract consultant.

The ADA does not require an employer to create a new position in order to accommodate a disabled employee. **Smith v. Midland Brake, Inc., a Div. of Echlin, Inc.**, 180 F.3d 1154, 1174 (10th Cir. 1999). The ADA does not require an employer to remove another employee from his or her position in order to create a vacant position which might accommodate a disabled employee. *Id*. For the purpose of the ADA and reasonable accommodation, a vacant position includes positions that are at the moment vacant and positions the employer reasonably anticipates will become vacant in the fairly immediate future. *Id*. at 1175. Nothing in the record of this case shows that the AFM position sought by Mr. Brown was vacant at the relevant time. Mr. Brown contends, in essence, that because the AFM position was held by part time temporary employees, the position should be considered vacant. There is no legal authority for this position, and I reject this contention. Nothing in the record of this case shows that at the relevant time, any other position was available at the BFPD, which position would have amounted to a reasonable accommodation for Mr. Brown.

Viewing the undisputed facts in the record in the light most favorable to Mr. Brown, no reasonable fact finder could find that Mr. Brown has shown that a reasonable accommodation was available at BFPD. Absent such a showing, the defendants are entitled to summary judgment on Mr. Brown's ADA claim.

## VI. CONCLUSION & ORDERS

Mr. Brown's claim under the Rehabilitation Act, his § 1983 claim and his interference with employment contract claim are subject to a two year period of limitations. Viewing the undisputed facts in the record in the light most favorable to Mr. Brown, these three claims are time barred, and, thus, the defendants are entitled to summary judgment on these claims. Viewing the undisputed facts in the record in the light most favorable to Mr. Brown, no reasonable fact finder could find that Mr. Brown has shown that a reasonable accommodation was available at BFPD. Thus, the defendants are entitled to summary judgment on Mr. Brown's ADA claim.

The plaintiff's motion for partial summary judgment concerns one element of his Rehabilitation Act claim. That claim is time barred. As a result, the plaintiff's motion for summary judgment is moot, and that motion is denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That FED. R. CIV. P. 56, the **Defendants' Motion for Summary Judgment** [#32] filed August 30, 2013, is **GRANTED**;

2. That the plaintiff's **Contested Cross-Motion for Entry of Partial Summary Judgment** [#43] filed October 17, 2013, is **DENIED** as moot;

3. That **JUDGMENT SHALL ENTER** in favor of the defendants, Berthoud Fire Protection District and Stephen Charles, against the plaintiff, Joshua M. Brown, on all claims asserted in the operative complaint, the plaintiff's **Amended Complaint** [#17-1];

4. That the Trial Preparation Conference set November 22, 2013, at 2:30 p.m. and the trial set to begin December 9, 2013, at 8:30 ap.m. are **VACATED**;

5. That the defendants are **AWARDED** their costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6. That this case is **CLOSED**.

Dated November 22, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge